UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| GOODEGG STUFF LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:25-CV-339-RP |
| | § | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff GoodEgg Stuff LLC's ("Plaintiff") Updated Motion for Default Judgment. (Dkt. 66). Having considered Plaintiff's Motion, the record, and the relevant law, the Court issues the following order.

## I. BACKGROUND

On August 5, 2025, Plaintiff filed a Complaint alleging that the Partnerships and Unincorporated Associations Identified on Schedule A ("Defendants") infringed upon Plaintiff's U.S. Patent No. 12,089,567 ("the '567 Patent") by selling unauthorized and unlicensed poultry product tools (the "Infringing Products") through commercial e-commerce stores operating under various online marketplace accounts. (Compl., Dkt. 1, at 2). Defendants are individuals and business entities of unknown makeup who own or operate the e-commerce stores selling infringing products under the seller aliases identified on Plaintiff's Schedule A and/or other seller aliases not yet known to Plaintiff. (*Id.* at 5). Plaintiff alleges Defendants reside and/or operate in the People's Republic of China. (*Id.*). Plaintiff's Complaint asserts one claim of patent infringement under 35 U.S.C. § 271(a) against all Defendants. (*Id.* at 8–9).

On August 8, 2025, the Court entered a temporary restraining order ("TRO") freezing Defendants' assets held by third parties and allowing expedited discovery. (TRO, Dkt. 17, at 5–8). The Court subsequently extended the TRO on August 20, 2025. (Dkt. 23). Plaintiff also served Defendants electronically, as permitted by the TRO, (*see* Dkt. 17, at 7–8), on August 20, 2025. (Dkt. 22). On September 12, 2025, the Court granted Plaintiff's Motion for Preliminary Injunction, (Dkt. 24). (Dkt. 35). The Court's Order maintained the asset freeze from the TRO and further enjoined Defendants from making, offering for sale, selling, or importing their products into the United States. (*Id.*). Since then, several Defendants have been voluntarily dismissed from this suit. (*See* Dkts. 27–32, 36, 38, 40, 42, 44, 48, 55, 57, 59, 62). The Clerk of Court entered default as to the remaining Defendants on November 11, 2025. (Dkt. 53). No Defendant in this case has filed an answer or otherwise responded in this case. Accordingly, Plaintiff now moves for entry of final default judgment against the remaining Defendants ("the Defaulting Defendants"), (*see* Dkt. 66, at 1–2).

Plaintiff seeks an order entering final judgment finding that Defaulting Defendants are liable for Count I of Plaintiff's Complaint—Infringement of the '567 Patent under 35 U.S.C. § 271(a). (*Id.* at 3; Compl., Dkt. 1, at 8–9). Plaintiff further seeks entry of a permanent injunction enjoining Defaulting Defendants from selling the Infringing Products. (Mot. Default. J., Dkt. 66, at 3). Finally, Plaintiff seeks an order "finding Defaulting Defendants jointly and severally liable to [Plaintiff] in the amount of $55,478.01 for the identified infringement and transferring assets in Defaulting Defendants' accounts to [Plaintiff]." (*Id.*). Plaintiff's Motion for Default Judgment, (Dkt. 66), received no response.

## II. LEGAL STANDARD AND DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)–(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal

Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering Plaintiff's motion, the Court must determine: (1) whether default judgment is procedurally warranted, (2) whether Plaintiff's Complaint sets forth facts sufficient to establish that it is entitled to relief, and (3) what form of relief, if any, Plaintiff should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

**A. Procedural Requirements**

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against the Defaulting Defendants. First, Plaintiff suggests that because the Clerk of Court has already entered default against each Defaulting Defendant, the factual allegations of Plaintiff's Complaint should be taken as true. (Mot. Default J., Dkt. 66, at 6–7). Indeed, because the Defaulting Defendants have not filed a responsive pleading, they have necessarily not disputed Plaintiff's alleged facts. However, Fifth Circuit precedent supports that it is a default *judgment*—not mere entry of default—that

establishes a defendant's liability on the merits, contrary to Plaintiff's assertion. *See U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citation omitted) ("A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. . . . After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."); *Nishimatsu Const. Co. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.") (emphasis added); *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019), *as revised* (June 6, 2019) ("A default judgment establishes the defendant's liability but not the quantity of damages.") (emphasis added).[1] The Court will further address Plaintiff's factual allegations in Section II.B of this order.

Next, the Court finds that Defaulting Defendants' failure to appear and respond has ground the adversary process to a halt, prejudicing Plaintiff's interest in pursuing its claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (citation and quotations omitted). The grounds for default are established: the Defaulting Defendants were properly served and have failed to appear and participate at all, much less timely file a responsive pleading. There is no indication that the default was caused by a good faith mistake or excusable neglect.

The final *Lindsey* factor—whether the Court might be obliged to set aside the judgment—may weigh against default because, as is discussed below, Plaintiff has not adequately substantiated

[1] Other courts of appeals agree. *See, e.g.*, *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) ("After a default judgment is handed down, a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts.") (emphasis added); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation omitted) ("A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'") (emphasis added).

its damages claim, so damages awarded by the Court in any judgment could be subject to dispute. The Court addresses this concern below, but here finds that, on balance, default judgment is at least procedurally warranted.

**B. Sufficiency of Plaintiff's Complaint**

Default judgment is proper only if the well-pleaded factual allegations in Plaintiff's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. If default judgment is entered, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Court first finds that it has personal jurisdiction over the Defaulting Defendants, as the evidence presented in the Motion shows that (1) the Defaulting Defendants have been served electronically with process, (*see* Mot. Default J., Dkt. 66, at 4), and (2) these Defendants have directly targeted their business activities towards consumers in the United States, including in the Western District of Texas, and are reaching out to do business with Texas residents by operating one or more commercial, interactive internet stores or internet marketplaces where Texas residents can purchase Infringing Products, (*id.* at 6). *See ConcernedApe LLC v. P'ships & Uninc'd Ass'ns Identified on Sched. A*, 811 F. Supp. 3d 807, 810 (W.D. Tex. 2025).

The Court continues its analysis by addressing the joinder of parties in this matter. Under Federal Rule of Civil Procedure 20(a)(2), Plaintiff bears the burden of showing that joinder of the fifty Defaulting Defendants, (*see* Mot. Default J., Dkt. 66, at 2), is appropriate. *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). Rule 20(a)(2) allows parties to be joined as defendants if the plaintiff asserts a claim against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Permissive joinder under Rule 20 is broad, as "under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *ConcernedApe LLC*, 811 F. Supp. 3d at 811 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)) (citation modified). When defendants are not genuinely related or working in concert, however, joinder does not serve Rule 20(a)'s purpose of "promoting trial convenience and expedit[ing] the final determination of disputes." *Id.* (citation omitted). To be part of the same transaction "requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Estee Lauder Cosms. Ltd. v. P'ships & Uninc'd Ass'ns Identified on Sched. A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) (citation omitted). A plaintiff cannot satisfy Rule 20's requirements by merely alleging that multiple defendants have infringed the same patent or trademark in the same way. *Omega, SA v. Individs., Bus. Entities, & Uninc'd Ass'ns Identified on Sched. "A,"* 650 F. Supp. 3d 1349, 1352 53 (S.D. Fla. 2023). Instead, "the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must share an aggregate of operative facts." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012). If a court finds that joinder does not comply with Rule 20, it may add or drop parties or sever any claim against a party. Fed. R. Civ. P. 21.

Plaintiff alleges that joinder is proper in this case because the Infringing Products are the same in all respects relevant to the '567 Patent and because "common questions of fact abound." (*Id.* at 3) (citing 35 U.S.C. § 299(a), which allows joinder in a patent action if: "(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action")). Plaintiff further argues that "this is not a case where joinder is sought based solely on allegations that each defendant has infringed the same patent." (*Id.*). However, Plaintiff's allegations supporting this point are that there is an "extremely high degree of similarity between each Defendant's infringing activity" and an "equally high likelihood of their cooperation in said infringing efforts." (*Id.*). Plaintiff also alleges that the "Defendant e-commerce stores share advertising look and feel" which "collectively establishes a logical relationship between Defendants." (*Id.* at 4).

Plaintiff's argument is essentially that the alleged Infringing Products share the same features with Plaintiff's patented design. It is not surprising that certain products allegedly infringing the same patent share the same patented features, and the Court is unconvinced that this is an indication that Defendants are genuinely related and working in concert. Additionally, Plaintiff's bare assertion that the Defendants' e-commerce stores share common features is not clearly supported by the evidence that Plaintiff has submitted. This is, again, not enough to suggest that Defendants here are being joined for any reason beyond allegedly infringing the same patent—much less that their conduct arises out of the same transaction, occurrence, or series of transactions or occurrences. *See* 35 U.S.C. § 299(a)(1) and (b). As to Plaintiff's contention that "common questions of fact abound" here, those questions are no more than the common questions that would arise for any collection of

defendants accused of infringing the same patent. Instead of overcoming § 299(b)'s prohibition on joining defendants "based solely on allegations that they have infringed the patent or patents in suit," this argument again reinforces the applicability of that provision. *See* 35 U.S.C. § 299(b). Finally, Plaintiff alleges that Defendants have "jointly and severally" infringed Plaintiff's patent rights. (Compl., Dkt. 1, at 3). Joint and several liability is a matter of law. *Elementis Chromium L.P. v. Coastal States Petroleum Co.*, 450 F.3d 607, 612 (5th Cir. 2006). Unlike Plaintiff's factual allegations, the Court need not accept Plaintiff's legal conclusion regarding liability as true. *Escalante v. Lidge*, 34 F.4th 486, 493 (5th Cir. 2022). The Court therefore concludes that joinder is improper in this case under 35 U.S.C. § 299(a) and Federal Rule of Civil Procedure 20. Accordingly, the Court will dismiss without prejudice all of the Defaulting Defendants except Defaulting Defendant No. 1, with merchant name "AHomi store," (*see* Mot. Default J., Dkt. 66, at 2).

Next, the Court addresses Plaintiff's allegations as to its claim of patent infringement against the remaining Defaulting Defendant, AHomi store. (Compl., Dkt. 1, at 8–9). The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Plaintiff alleges in its Complaint that it owns the '567 Patent. (Compl., Dkt. 1, at 2). Plaintiff also alleges that AHomi store makes, uses, offers for sale, sell, and/or imports into the United States for subsequent sale or use an infringing product that infringes the '567 Patent. (*Id.* at 5–8). Finally, Plaintiff alleges that it has not licensed or authorized AHomi store to use the '567 Patent, and AHomi store is not an authorized retailer of genuine GoodEgg products. (*Id.* at 7–8). These allegations are enough to raise Plaintiff's right to relief above a speculative level. *Wooten*, 788 F.3d at 498. Default judgment is substantively warranted.

**C. Relief**

**1. Injunctive Relief**

Plaintiff asks the Court to permanently enjoin Ahomi store from infringing or otherwise violating Plaintiff's rights in the '567 Patent. (Mot. Default J., Dkt. 66, at 8). Courts apply a four-factor test to issue a permanent injunction:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Court finds that all four factors weigh in favor of granting a permanent injunction against Ahomi store for similar reasons cited in the Court's Order Granting Plaintiff's Motion for a Preliminary Injunction, (*see* Dkt. 35, at 4–5). Plaintiff has demonstrated that it has suffered an irreparable injury "from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patent invention." (Compl., Dkt. 1, at 9). Further, monetary damages are insufficient, as the possibility of ongoing harm to Plaintiff's reputation constitutes irreparable harm sufficient for a permanent injunction. *See Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1056 (5th Cir. 1997) (finding irreparable harm based upon potential damage to reputation). The balance of hardships also weighs in Plaintiff's favor because Ahomi store has not appeared in this lawsuit but allegedly continues to use the '567 Patent. The public interest factor also weighs in favor of an injunction because the public interest and federal patent laws would be undermined if Ahomi store's improper conduct is allowed to continue. Accordingly, the Court finds that a permanent injunction is warranted.

**2. Damages**

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In

other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.* A default judgment entered against a defendant concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *See United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, when the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311.

In the case of patent infringement, the claimant may be awarded "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. "[T]he court may increase the damages up to three times the amount found or assessed." *Id.* A party seeking such "enhanced damages" must show that an infringer's conduct has been "willful," or "wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04 (2016). Enhanced damages should "generally be reserved for egregious cases typified by willful misconduct." *Id.* at 106. To establish willful patent infringement, a plaintiff must show that the defendant "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (citation omitted).

Plaintiff represents that—according to Amazon, Walmart, and Temu—Defaulting Defendants sold at least $18,492.67 of the Infringing Products. (Mot. Default J., Dkt. 66, at 9). Defaulting Defendants have failed to appear in this matter and therefore have not produced any documents characterizing each of the transactions in their financial accounts, the relationship among themselves, or the e-commerce stores that they may be operating. (*Id.*). Thus, Plaintiff contends, "[s]ince Defaulting Defendants have not met their burden of apportioning gross sales or showing any deductions, the court should award the amount of known sales (i.e., $18,492.67) under 35 U.S.C. § 284." (*Id.* at 8–9) (citing cases suggesting that it is the infringer who bears the burden of delineating their profits generally from the sale of infringing products specifically)). Here, the Court notes that delineating between Defaulting Defendants' valid profits and their sale of Infringing Products is not the same as delineating between the damages caused by individual defendants. However, regardless of the applicability of this case law to the Defaulting Defendants as a group, given that the Court is dismissing without prejudice forty-nine of the Defaulting Defendants in this case, Plaintiff's argument is inapplicable: AHomi store no longer has co-defendants which it must distinguish itself from. Therefore, the Court will set a deadline for Plaintiff to argue for a specific amount of damages from Ahomi store only. Then, the Court in its discretion will consider awarding damages to Plaintiff for Ahomi store's infringement only.

## III. CONCLUSION

For the reasons given above, **IT IS ORDERED** that all Defaulting Defendants, (*see* Mot. Default J., Dkt. 66, at 2), except for Defaulting Defendant No. 1, Ahomi store, are **DISMISSED WITHOUT PREJUDICE** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (Dkt. 66), is **GRANTED IN PART**, such that Plaintiff is **GRANTED** a permanent injunction as set out in this

Court's Order Granting Plaintiff's Motion for Preliminary Injunction, (*see* Dkt. 35, at 5–7), against Defendant Ahomi store only.

**IT IS FINALLY ORDERED** that Plaintiff may submit supplemental briefing arguing for damages from Ahomi store only **on or before September 14, 2026.**

**SIGNED** on August 31, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE